[18032.   Department Two. — June 6, 1893.]

PHEAR E. PORTER, APPELLANT, v. JOHN BUCHER
ET AL., RESPONDENTS.

SALE OF PERSONAL PROPERTY—DELIVERY AND CHANGE OF POSSESSION—HAY
UPON HOMESTEAD—BONA FIDE PURCHASE BY WIFE FROM HUSBAND—CUSTOM
AS TO FEED OF CATTLE—QUESTION OF FACT.—Where a wife living with her
husband upon a farm, which he has claimed as a homestead, is the owner of
cattle and horses upon the farm, which are her separate property, and purchased
from her husband, the crop of hay grown upon the homestead, after it had
been stacked in corrals, the gates of which she then closed and fastened, and
immediately began to feed the hay to her stock, there being no question as to the
*bona fide* of the sale, and there being evidence of a custom in that vicinity for
cattle-owners who bought hay in the stack to take the cattle to the hay, and feed
them there, without removing the hay, the question whether there was an im-
mediate delivery and actual and continued change of possession of the hay so
purchased is one of fact for the jury to determine.

ID.—CONVERSION OF HAY BY ASSIGNEE IN INSOLVENCY—INSTRUCTION.—In an
action for damages for the conversion of the hay which the wife had purchased,
brought by the wife against the assignees in insolvency of the husband, who
had replevied the hay from the husband, it is error to instruct the jury that
the sale to the wife was absolutely void, for want of an immediate delivery and
continued change of possession of the hay, and that it was the duty of the jury
to find for the defendant.

ID.—REMOVAL OF HAY—OWNERSHIP OF LAND—JOINT TENANCY OF HOMESTEAD
—POSSESSION OF HAY.—The wife was not bound to remove the hay to other
land, nor to own the the land upon which the stack stood, and her joint tenancy
of the homestead with her husband prevented the possession of the hay from
being wholly in the husband.

ID.—FEEDING OF HUSBAND'S STOCK FOR SERVICES RENDERED—EVIDENCE—CON-
TROL OF HUSBAND.—The fact that two cows and two horses of the husband
were fed from the wife's hay after the purchase, in consideration of his services
in assisting to feed the wife's stock, is not necessarily inconsistent with her
ownership and possession, though it is competent evidence tending to show the
husband's possession and control.

ID.—STATUTE OF FRAUDS—SUFFICIENCY OF DELIVERY—ACTUAL AND CONTINUED
CHANGE OF POSSESSION—CONSTRUCTION OF CODE.—Under section 3440 of the
Civil Code, requiring an immediate delivery and actual and continued change of
possession of personal property sold, in order to the validity of the sale as
against the creditors of the vendor, any delivery that is.sufficient to pass the
title as between the parties is sufficient if it be immediate.   The requirement of
an "actual and continued change of possession" was designed to exclude the
idea of'a mere formal and temporary change of possession, but was not intended
to require, upon a penalty of the forfeiture of the goods, that the vendor should
never have any control over or use of them.

ID.—QUESTION OF FACT.—What constitutes an immediate delivery and an actual
and continued change of possession of personal property within the meaning of
section 3440 of the Civil Code is a fact to be determined upon the evidence in
each particular case.

ID.—CHARACTER OF PROPERTY SOLD—NATURE OF TRANSACTION—POSITION OF
PARTIES—INTENDED USE—GOOD FAITH.—In the determination of the ques-
tion as to the kind of possession necessary to be given in order to make a sale of
personal property valid as against creditors, regard must be had not only to the
character of the property, but also to the nature of the transaction, the position

of the parties, and the intended use of the property. The law only requires that which could naturally be done in an honest and business-like transaction where there was no thought of fraud or concealment.

ID. — EVIDENCE — PROOF OF REPLEVIN BY ASSIGNEES — OFFICIAL CHARACTER — TAKING UNDER WRIT — DEFECTIVE COMPLAINT. — In the action by the wife for damages against the assignees in insolvency, who had replevied her hay from the husband, evidence of the official character of the assignees, and that their taking was under a writ of replevin against the husband, was competent in their favor, notwithstanding the fact that the complaint in the replevin suit was defective.

APPEAL from a judgment of the Superior Court of Modoc County, and from an order denying a new trial.

The facts are stated in the opinion.

*Spencer & Raker, Clarence A. Raker,* and *J. D. Goodwin,* for Appellant.

What constitutes an "immediate delivery" or an "actual and continued change of possession" is a question of fact, to be determined by the jury upon the evidence presented in each particular case. (*Byrnes* v. *Moore,* 93 Cal. 393; *Claudius* v. *Aguirre,* 89 Cal. 501; *Godcheaux* v. *Mulford,* 26 Cal. 322; 85 Am. Dec. 178; *Wetherly* v. *Straus,* 93 Cal. 283; *Meads* v. *Lasar,* 92 Cal. 221; *Ringold* v. *Haven,* 1 Cal. 116; *Dow* v. *G. & C. S. M. Co.,* 31 Cal. 650; *McKee* v. *Green,* 31 Cal. 418; Hayne on New Trial and Appeal, sec. 117.) There was certainly *some evidence tending to show* the immediate delivery and actual and continued change of possession of the hay, and the instructions of the court upon that question were erroneous. (*Byrnes* v. *Moore,* 93 Cal. 393; *Claudius* v. *Aguirre,* 89 Cal. 501; *Wetherly* v. *Straus,* 93 Cal. 283; *Meads* v. *Lasar,* 92 Cal. 221; *Parks* v. *Barney,* 55 Cal. 239; *Bernal* v. *O'Hanlon,* 59 Cal. 284; *Goldstein* v. *Numan,* 66 Cal. 542; *Ross* v. *Sedgwick,* 69 Cal. 247; *Godchaux* v. *Mulford,* 26 Cal. 320; *Williams* v. *Lerch,* 56 Cal. 334; *Ford* v. *Chambers,* 28 Cal. 13; *Morgan* v. *Miller,* 62 Cal. 492.) The plaintiff had a right to have her hay stacked upon the homestead property, and it was not necessary that she should move it off. It was her home, where the law compelled her to live, and she was a joint owner with her husband of the property. (Pol. Code, sec. 52, subd. 5; *Guiod* v. *Guiod,* 14 Cal. 506; Civ. Code, secs. 156, 1237, 1242, 1635;

*McKinnie* v. *Shaffer,* 74 Cal. 614; *Barber* v. *Babel,* 36 Cal. 11; *Burkett* v. *Burkett,* 78 Cal. 310, 312; *Gleason* v. *Spray,* 81 Cal. 217, 219'; *Tipton* v. *Martin,* 71 Cal. 325, 327; *Taylor* v. *Hargous,* 4 Cal. 273; *Poole* v. *Gerrard,* 6 Cal. 71; *Revalk* v. *Kraemer,* 8 Cal. 66.) The plaintiff had a right to buy the hay of her husband, as husband and wife may deal with each other as either might with strangers. (Civ. Code, sec. 158; 1 Traveis on Sales, p. 222, note 4; p. 224; p. 226, note 6, and p. 227; *King* v. *Voos,* 14 Or. 91–97; *Burkett* v. *Burkett,* 78 Cal. 312; *Carter* v. *McQuade,* 83 Cal. 278; *Corker* v. *Corker,* 87 Cal. 649; *Schuyler* v. *Broughton,* 70 Cal. 284; *Sacramento Lumber Co.* v. *Wagner,* 67 Cal. 293; *Wedel* v. *Herman,* 59 Cal. 507; *Burkle* v. *Levy,* 70 Cal. 250.) The delivery and actual change of possession in the case at bar was sufficient and all the law requires of the character of property involved. (*Chaffin* v. *Doub,* 14 Cal. 384; 4 Kent Com., p. 500; *Pacheco* v. *Hunsacker,* 14 Cal. 120; *Lay* v. *Neville,* 25 Cal. 545; *Davis* v. *McFarlane,* 37 Cal. 634.) The judge charged the jury with respect to matters of fact. This was plain error. In so doing the judge usurped the power given to the jury and invaded its province. (Art. VI., sec. 19, Cal. Const.; *People* v. *Chew Sing Wing,* 88 Cal. 268'; *People* v. *Gordon,* 88 Cal. 422; *Weiderkind* v. *Tuolumne Co. W. Co.,* 65 Cal. 431; *People* v. *Casey,* 65 Cal. 260; *Hynes* v. *San Francisco etc. R. R. Co.,* 65 Cal. 316; *People* v. *Messersmith,* 61 Cal. 246; *People* v. *Ah Lee,* 60 Cal. 85; *People* v. *Ah Oon,* 56 Cal. 188; *Cahoon* v. *Marshall,* 25 Cal. 197; *Miller* v. *Stewart,* 24 Cal. 504; *Bull* v. *Bray,* 89 Cal. 286, 302; *Scott* v. *Harbor,* 18 Cal. 704.)

*D. W. Jenks,* for Respondents.

There was no such immediate delivery and actual and' continued change of possession as is necessary to constitute a valid sale as against a creditor. (*Merrill* v. *Hurlburt,* 63 Cal. 494; *Stevens* v. *Irwin,* 15 Cal. 503; *Richards* v. *Schroder,* 10 Cal. 434.) As there was no evidence tending to prove an immediate delivery and an actual and continued change of possession, it was not error for the court to direct a verdict for the defendants. (*Page* v. *Tucker,* 54 Cal. 121; *Terry* v. *Sickles,* 13

Cal. 427; *Pico* v. *Stevens*, 18 Cal. 377; *Hughes* v. *Wheeler*, 76 Cal. 230; Thompson on Trials, secs. 2401, 2402.)

HAYNES, C.—This action is in trover for the conversion of hay. The plaintiff appeals from a judgment against her, and from an order denying her motion for a new trial.

Appellant is the wife of Howard B. Porter, with whom she lived upon a farm upon which her husband had duly filed a declaration of homestead, and which farm was principally used for raising hay. The wife was the owner of about one hundred and thirty head of cattle and twenty or thirty horses, which were her separate property, and were kept on the homestead.

The crop of hay for 1888, estimated at about one hundred and twenty tons, was stacked in corrals which had been used for several years for that purpose, and from which the hay was fed to the stock. After the hay was stacked, plaintiff and her husband went to the stacks, estimated the quantity of hay, agreed upon the price, and the husband, by words, delivered the hay to appellant, who thereupon closed and fastened the gates of the corrals, made a payment of ten dollars thereon, and a few days later made another payment of thirty dollars, and, in accordance with the agreement of sale, assumed the payment of certain specified debts of the husband amounting, with the cash payments, to about eight hundred and seventy dollars, and which debts she afterwards paid.

In October, 1888, the husband filed a petition in insolvency, was thereafter adjudged an insolvent debtor, and defendant Martin became assignee. Shortly thereafter the assignee served a written demand upon the insolvent for the delivery of the hay and other property upon the farm, and was then informed by appellant of her purchase, and that the hay belonged to her. The assignee brought an action of replevin against the husband, and took the hay. The taking under the writ was resisted by the appellant, under her claim of ownership, and after the taking a demand for the hay was duly made, and this action was brought to recover the value of the hay and special damages.

The cause was tried before the court and a jury, and upon the conclusion of the evidence, the court instructed the jury as follows:—

"*Gentlemen of the Jury:* The court instructs you first, that

there is no evidence which will contradict this finding, that the plaintiff entered into a contract, a purchase of certain stacks of hay; that said property was stacked in the corral usually used by H. B. Porter to stack his hay in; that said property remained there after the sale to the plaintiff in this action by the said H. B. Porter, and never was removed from the said corral until removed by the officer in this action; that the said premises was the homestead of both parties; that under that state of facts that they used the property apparently as they had before the sale, each assisting the one and the other in feeding the stock of both parties from the corral, and that therefore there was not a sufficient change of possession as intended and directed by the law to transfer the title as against a creditor. In view of this statement, I feel called upon, and it is my duty, to instruct you and give you the following instructions:—

" ' *Gentlemen of the Jury:* Under the circumstances disclosed by the evidence in this case, a sale of personal property is absolutely void unless accompanied by an immediate delivery, and followed by an actual and a continued change of possession. The evidence is not sufficient to warrant you in finding that there was such delivery and change of possession of the property in controversy in this action, and it is therefore your duty t) find for the defendants, and you are instructed so to do.' "

The principal question arises upon this instruction. No question was made as to the *bona fides* of the sale of the hay to appellant, nor as to the fact that she had there, upon the ranch, said cattle and horses, which were her separate property. Some additional facts appeared in evidence which should be noticed.

Appellant had bought her husband's hay the preceding year, and fed it from the same "stack corrals," and in other years had bought hay from others for her stock. Mr. Rodkey, a witness for plaintiff, testified that he was employed and paid by Mrs. Porter the winter before to feed her stock, and fed out most of the hay from the same corrals; that in the fall (1888), after haying, she went to Oroville, and was gone a month or six weeks; that she then told witness that the hay (the same here in question) belonged to her; that she was afraid the boy would let the cattle get in and destroy it; that she wanted it to

feed her cattle, and desired the witness to look after it.   Another witness, Mr. Pepperdine, testified that she also informed him of her ownership of the hay, and also requested him to look after it in her absence; that he stayed there a month after the return of plaintiff and her husband, and did not see Porter do anything about the hay.   Evidence was also given tending to show that it was the custom in that vicinity for cattle-owners, when they bought hay in the stack, to take their cattle to the hay and feed it there without removing it, and that plaintiff had fed a part of this hay before it was taken by the sheriff under the writ.   The instruction given to the jury to find for the defendants was erroneous.

Section 3440 of the Civil Code lays down no new rule as to what shall constitute a delivery.   Any delivery that is sufficient to pass the title as between the parties is still sufficient, the statute only adding that it shall be "immediate."   The expression, "an actual and continued change of possession," was construed in *Stevens* v. *Irwin*, 15 Cal. 503.   It was there said : "The word 'actual' was designed to exclude the idea of a mere formal change of possession, and the word 'continued' to exclude the idea of a mere temporary change; but it never was the design of the statute to give such extension of meaning to this phrase, 'continued change of possession,' as to require, upon a penalty of the forfeiture of the goods, that the vendor should never have any control over or use of them.   This construction, if made without exception, would lead to very unjust and very absurd results."

The supreme court of Pennsylvania said: "In determining the kind of possession necessary to be given, regard must be had not only to the character of the property, but also to the nature of the transaction, the position of the parties, and the intended use of the property." (*Crawford* v. *Davis*, 99 Pa. St. 578.)

In *Byrnes* v. *Moore*, 93 Cal. 394; *Claudius* v. *Aguirre*, 89 Cal. 503, and numerous other cases, it is held that what constitutes an immediate delivery and an actual and continued change of possession is a fact to be determined upon the evidence in each particular case.

We think there was sufficient evidence tending to show such

delivery and change of possession as to require a submission of those questions to the jury, and such as would have sustained a verdict in favor of the plaintiff.

The cattle and horses were her separate property, returned by her for taxation, and had for years been kept by her upon the homestead. She had before purchased hay from her husband and fed it to her stock from the same stack corrals, had employed and paid Rodkey to feed her stock the preceding winter, and when she was leaving for a visit to Oroville in October, had requested Rodkey and Pepperdine to look after the hay, and see that the cattle did not get into the corrals and destroy it. The stock being hers, and kept upon the ranch where she had the right to keep them, the presumption was that the hay which was fed to them was hers also. If the ruling of the court below correctly stated the law, it would logically follow that in order to make a valid purchase of hay from her husband, she must immediately remove the hay from the homestead, or buy it from day to day as she fed it to her cattle. If a neighbor had bought this same hay, and according to the custom of that portion of the country, had brought his cattle to the hay, and was there feeding it, no one would contend that it was not sufficient as a delivery and actual and continued change of possession to satisfy the statute. "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried. . . . ." (Civ. Code, sec. 158.) The code provides no different rule as to the formality of such transaction between husband and wife, from that required between strangers; yet the law, giving a reasonable construction to all such statutes, takes into consideration not only the character of the property, but the relations of the parties and the use of the property intended, and only requires that which would naturally be done in an honest and business-like transaction where there was no thought of fraud or concealment. Indeed, any other course, whilst it might unquestionably fulfill the strictest requirements of the statute touching an actual and continued change of possession, would at once suggest as the reason for such departure an intention to defraud. She was not bound to remove the hay to other land, nor to own the land upon which the stack stood.

It was a benefit to the land, in which she as well as her husband was interested, to feed the hay upon it. The hay could not be branded as cattle are, and any unusual notice of her ownership would at once have invited an attack upon the ground of actual fraud; but the possession of the land was not solely in the husband, and therefore the possession of the hay could not, from the bare fact that it was on the land, be wholly in the husband. At the most, that fact taken alone would have made the possession joint. "The effect of declaring the homestead was to convert the separate title of the husband into a joint title in himself and wife to the extent of the homestead." (*Burkett* v. *Burkett*, 78 Cal. 312.) In *Barber* v. *Babel*, 36 Cal. 17, after discussing the question whether the declaration of homestead created a joint tenancy, the court said: "But however this may be, there is a joint interest in the homestead — a joint *holding*, if not a technical joint tenancy."

The husband had two cows and two horses which were fed from the same hay. Plaintiff testified that by agreement between herself and husband, his cows and horses were to be fel in consideration of his services in assisting to feed her stock. This arrangement was not necessarily inconsistent with her ownership and possession, though it was competent evidence tending to show the husband's possession and control.

Some exceptions were taken to rulings, receiving and excluding oral evidence, but these are not of a character requiring special notice. Evidence of the official character of defendants Bucher and Mark, and that the taking was under a writ of replevin in the case of *Martin* v. *Howard B. Porter* was competent, notwithstanding the defect in the complaint in that case.

The judgment and order appealed from should be reversed, and a new trial granted.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and a new trial granted.
McFARLAND, J., FITZGERALD, J., GAROUTTE, J.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.

DE HAVEN, J., did not participate.