CALVIN HOOD v. O. S. GIBSON AND S. E. HANLEN.

**No. 363.**

1. SALES—*Declarations of Vendor—Res Gestæ.* "The general rule undoubtedly is that the declarations of a vendor of property, made after the sale, are not admissible for the purpose of invalidating it; yet where the transfer is claimed to have been fraudulent, and the intent of the vendor is a material subject of inquiry, great latitude is allowed in showing the facts and circumstances surrounding the transaction. In such case, it is proper to show the acts and declarations of the vendor, at the time of and immediately after the sale, for the purpose of establishing the intent with which it was made on his part." (*Haskett v. Auhl*, 3 Kan. App. 744, 749, 45 Pac. 608 )

2. ——— *Fraudulent Intent of Vendor—Good Faith of Vendee.* "Where one party sells goods with intent to defraud his creditors, but the other party purchases them in good faith, and without notice of such fraudulent intent, the purchaser obtains a good title to the goods." (*Diefendorf v. Oliver*, 8 Kan. 365.)

3. ——— *Growing Crops—Present Vesting of Title.* "A landlord may sell and convey to another all his rental interests in the crops grown and growing on land leased by him to a tenant prior to a division or separation of his portion of the crops from the tenant's; and such sale, if made in good faith and for a valuable consideration, and with an intention of a present vesting of title, will be valid, even as against creditors." (*Howell v. Pugh*, 27 Kan. 703.)

Hood v. Gibson.

Error from Cowley district court; A. M. JACKSON, judge.   Opinion filed February 17, 1899.   Reversed.

### STATEMENT.

THIS was an action in replevin, brought in the district court of Cowley county by plaintiff in error Calvin Hood to obtain possession of a quantity of wheat of which he claimed to be owner.   One of the defendants in error, Gibson, who was sheriff of Cowley county, had seized the wheat under a writ of attachment, and had left it in the care of the other defendant in error, Hanlen.   Hood claimed title to the wheat by virtue of an alleged sale to him by one T. S. Green, who was the defendant in the attachment proceedings.   The attaching creditors attacked the validity of the alleged sale from Green to Hood on the ground that it was made with the intent on the part of Green to hinder, delay and defraud such creditors.   Trial was had before a jury, a verdict returned in favor of the defendants in error, and judgment rendered thereon, and plaintiff in error brings the case to this court and asks for a reversal of such judgment.

*McDermott & Johnson*, for plaintiff in error.

*Pollock & Lafferty*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J.: Plaintiff in error contends that the court below committed prejudicial error in admitting in evidence, over his objection, certain declarations made by Green, his vendor.   An examination of the record convinces us that these declarations undoubtedly show a fraudulent intent on the part of Green, but plaintiff in error maintains that they are not competent to defeat his title.   From the record, it

appears that the declarations were made either a short time before or a short time after the sale, and evidence of such declarations would, we think, be admissible as forming a part of the *res gestæ*.   It was said by the court in the case of *Haskett v. Auhl*, 3 Kan. App. 749, 45 Pac. 610 :

" The general rule undoubtedly is that the declarations of a vendor of property, made after the sale, are not admissible for the purpose of invalidating it ; yet where the transfer is claimed to have been fraudulent, and the intent of the vendor is a material subject of inquiry, great latitude is allowed in showing the facts and circumstances surrounding the transaction.   In such case, it is proper to show the acts and declarations of the vendor, at the time of and immediately after the sale, for the purpose of establishing the intent with which it was made on his part. (*Douglass, Sheriff, v. Hill*, 29 Kan. 527 ; *National Bank v. Beard*, 55 id. 773, 42 Pac. 320 ; *Bowersock v. Adams*, 55 id. 681, 683, 41 Pac. 971.)"

Plaintiff in error, however, contends that even though the declarations were admissible as showing fraudulent intent on Green's part, nevertheless his title would not be affected unless the evidence shows that he had knowledge of such intent, or at least of such facts and circumstances as would put a reasonably prudent and careful man on his guard and cause him to make such investigation as would disclose the fraudulent purpose on the part of the vendor.   We think that the contention is well grounded.   It is a well-settled principle of law that a purchaser obtains a good title, notwithstanding the fraudulent intent of the vendor, when he purchases in good faith and without notice of such fraudulent intent. (*Diefendorf v. Oliver*, 8 Kan. 365 ; *Wilson v. Fuller*, 9 id. 185 ; Bump, Fr. Conv., 4th ed., § 189.)

The only evidence introduced by the defendants in

Hood v. Gibson.

error upon the trial of the cause was as to the de-
clarations of Green, and this being insufficient to
defeat the title of plaintiff in error, we must turn to
the evidence introduced by him, in order to determine
whether he was cognizant of such facts and circum-
stances as would put a reasonably prudent man on
his guard and thus charge him with notice of the
fraudulent intent of his vendee.   A careful examina-
tion of the record fails to disclose any actual knowledge
by Hood of Green's intent, and we think that the evi-
dence, if any, was an insufficient foundation on which
to base a presumption of knowledge of Green's fraudu-
lent intent.

Counsel for defendants in error argue that because
Green had come from his home in Cowley county,
where the wheat was located, to Emporia, nearly 100
miles distant, and offered to sell the wheat to Hood,
this fact was a circumstance that should have put
Hood on his guard and caused him to make investi-
gation, and that because he failed to make such in-
vestigation he is chargeable with knowledge.   We
think that the circumstance could at most excite but a
slight suspicion, and besides, Green was not really a
stranger, as counsel assert.   The record shows that
Green's daughter had been Hood's stenographer and
confidential clerk for several years, and this fact would
doubtless cause Hood to place a greater reliance on
Green's representations ; moreover, it is further shown
that Hood actually instituted an investigation.   He
held $490 of the purchase-price of $500 in the bank
of which he was president, as a special deposit, until
he could communicate with his attorneys at Winfield,
in the same county where the wheat was located, and
it was only after receiving a favorable report from
them that he paid over the balance of the amount.

agreed on to Green's daughter. We think that the evidence of plaintiff in error strongly tends to show good faith on his part. It was not shown that he even had knowledge of any indebtedness of Green's, except such as was involved in certain foreclosure proceedings, and he certainly knew that he could not acquire title as against the mortgagees.

It cannot be said that fraud may be presumed from inadequacy of consideration. The price paid was $500. The value, as fixed by the appraisers in the attachment proceedings, was $600. Allowing for ordinary risks and a reasonable margin of profit, we think that a fair price was paid for the wheat.

Counsel for the defendants in error further contend that the retention of the possession of the wheat by Green after the alleged sale was presumptive evidence of fraud. We do not think that this contention has any force in this instance. The evidence shows that at the time of the sale the wheat was growing and unmatured on land held by a tenant. Green himself was not in possession, and could not, therefore, give actual possession. In the case of *Howell v. Pugh*, 27 Kan. 705, the supreme court held that on a sale of growing crops, if made in good faith, and for a valuable consideration, if it was the intention of the parties to the contract that a present vesting of title was to take place, the title did, in fact, pass at once, although the actual delivery was to be made to the vendee upon division and separation of the crops.

Nor do we think that the contention that "section 3 of the statute of frauds, and the fact that there was no change of possession, place the burden of proof of showing the sale to be *bona fide* upon Hood," should be given any weight. As was said in the case of *Farlin v. Sook*, 30 Kan. 404, 1 Pac. 123: "It (the statute of

frauds) must not, however, be so strained as to make·. it receive an interpretation which it was not intended · to bear.   Such a construction, moreover, is not to be made in support of creditors as will make third persons suffer when they act in good faith." Since there could be no actual change of possession, we do not think that the operation of the statute is such as to throw the burden·of proving the sale to be *bona fide* on the plaintiff.

Other assignments of error are discussed in the briefs of ‘counsel, but, in view of the foregoing, it is not necessary to consider them.   The judgment of the district court is reversed.