[Civ. No. 372. First Appellate District.—November 14, 1907.]

# ROSENBERG BROS. & CO., a Corporation, Respondent, v. FRANK H. ROSS, Jr., Appellant.

HOMESTEAD—SEPARATE PROPERTY OF WIFE—JOINT TITLE—SURVIVORSHIP.—Where a homestead was selected and properly declared by the wife upon her separate property, for the benefit of herself and husband, they became vested with a joint title, which, upon the death of either, will vest absolutely in the survivor.

ID.—PRUNE CROP GROWN UPON HOMESTEAD—TITLE VESTED IN HUSBAND —SALE BY HUSBAND—LEVY OF EXECUTION AGAINST WIFE INEFFECTIVE.—Where, by agreement between the husband and wife, the husband was to do all the work and bear all the expense of cultivating and caring for the homestead premises, and the crops grown thereon were to belong to him, and he sold the growing crop of prunes thereon for value to a partnership, to whose rights plaintiff succeeded, and the crops were gathered by the husband for delivery to his vendee, and were in the husband's possession, a levy thereon on execution against the wife was ineffective as against the husband and his vendees.

ID.—CLAIM AND DELIVERY BY SUCCESSOR AGAINST SHERIFF—FINDING NOT ASSAILED—OWNERSHIP AND POSSESSION OF HUSBAND.—In an action of claim and delivery by plaintiff as successor in interest of the husband against the sheriff who levied execution on the judgment against the wife, where the judgment was for the plaintiff, and a finding that the husband was the owner and in possession of the growing prune crop when he sold the same to plaintiff's predecessor was not assailed on motion for new trial, it must be taken as true.

ID.—HUSBAND NOT INDEBTED—IMMEDIATE DELIVERY TO VENDEE NOT REQUIRED.—Where it does not appear that the husband was indebted to anyone when he made the sale to the predecessors of plaintiff, the provision of sections 3440 and 3442 of the Civil Code have no application to the husband's sale of the prune crop.

ID.—SALE OF GROWING CROP—DELIVERY NOT REQUIRED.—Growing crops are chattels not susceptible of manual delivery until harvested, and are not in the possession or under the control of the vendor within the meaning of the statute requiring an immediate delivery and continued change of possession.

ID.—SALE BY WIFE TO HUSBAND—POSSESSION OF HUSBAND WHEN HARVESTED.—The sale of the wife's interest in all the crops in consideration of his care and cultivation thereof sufficiently vested title in him to the growing crop, and when he gathered the same on premises of which he had a joint possession, at his entire expense, and

exercised exclusive dominion over the harvested crop, the facts show an immediate and continued change of possession of the harvested crop in the husband.

ID.—DELIVERY AND CHANGE OF POSSESSION—QUESTION OF FACT.—What constitutes an immediate delivery and actual and continued change of possession is a question of fact to be determined upon the evidence in each particular case.

ID.—VALUABLE CONSIDERATION BETWEEN HUSBAND AND WIFE—LABOR AND EXPENSE.—The labor and expense incurred and to be incurred by the husband in cultivating and caring for the premises was a valuable consideration for the transfer to him of the interest of the wife in the prunes to be grown upon the homestead premises. The transfer was not, therefore, fraudulent as matter of law, as one made by an insolvent without valuable consideration, under section 3442 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Santa Clara County, denying a new trial. M. H. Hyland, Judge.

W. C. Kennedy, and Will M. Beggs, for Appellant.

The levy was valid upon whatever interest the wife had in the crops severed from the homestead. (*Horgan* v. *Amick*, 62 Cal. 405, 406; *Alexander* v. *Jackson*, 92 Cal. 527, 28 Pac. 593; *Citizens' Nat. Bank* v. *Green*, 78 N. C. 222 (247); *Coates* v. *Caldwell*, 71 Tex. 19, 10 Am. St. Rep. 725, 8 S. W. 922.) The transfer by the wife to the husband was fraudulent and void as to the wife's creditors. (Civ. Code, secs. 3441, 3442; *Murphy* v. *Mulgren*, 102 Cal. 547, 41 Am. St. Rep. 200, 36 Pac. 857; *O'Brien* v. *Ballou*, 116 Cal. 318, 48 Pac. 130; *Cook* v. *Cockins*, 117 Cal. 140, 28 Pac. 1025; *O'Kane* v. *Whelan*, 124 Cal. 200, 71 Pac. 42, 56 Pac. 880; *Banning* v. *Marlson*, 133 Cal. 485, 65 Pac. 964; *Bush & Nallet Co.* v. *Helbing*, 134 Cal. 676, 66 Pac. 967.)

Rogers, Bloomingdale & Free, for Respondent.

Until severed from the soil the crop constitutes part of the land, and could be sold on that delivery. (*Darcey* v. *Harris*, 65 Cal. 357, 4 Pac. 204; *Davis* v. *McFarlane*, 37 Cal. 634, 99 Am. Dec. 340; *O'Brien* v. *Ballou*, 116 Cal. 318, 48 Pac. 130.) Where personal property is sold by one spouse to another, which is situated upon the homestead, the vendee need not remove the property from the premises. (*Porter* v. *Bucher*, 98

Cal. 454, 33 Pac. 335.) The sale by the husband, who was not a debtor, was valid without immediate delivery and continued change of possession, and his vendees, as innocent purchasers for value, are entitled to protection as against the creditors of the wife. (14 Ency. of Law, 2d ed., 285, n. 5.)

HALL, J.—This action, of claim and delivery, was brought to recover the possession of a lot of prunes taken by the defendant, as sheriff of Santa Clara county, under a writ of execution upon a judgment against Grace M. B. Odell. Plaintiff recovered judgment for the possession of the prunes, and this appeal is from the order denying defendant's motion for a new trial.

The complaint is in the ordinary form of an action for claim and delivery, and defendant justifies under a judgment and execution against Grace M. B. Emerson, otherwise Grace M. B. Odell, and in favor of one Mrs. J. M. Sweetzer, upon which levy was made upon the property sued for on the thirtieth day of August, 1905, as the property of Grace M. B. Odell.

The evidence shows without conflict that the prunes were the crop grown during the year 1905 upon the homestead of Grace M. B. Odell and her husband, F. E. Odell, which homestead had theretofore been duly selected by Mrs. Odell for the benefit of herself and husband, from her separate property.

In the month of January, 1905, F. E. Odell and his wife, Grace M. B. Odell, entered into a parol agreement, by the terms of which he agreed to do all the work and bear all of the expenses of cultivating and caring for the premises, and in return the crop was to belong to him. He lived on the premises, performed all the work, and paid all the expenses of caring for the place, and cultivating and gathering the crop.

On the twenty-ninth day of July, 1905, said F. E. Odell, by an instrument in writing, sold for a valuable consideration the crop of prunes then growing on the trees to Rosenberg Bros. & Company, a copartnership, and to whose business and contracts plaintiff succeeded. The prunes were taken possession of by the defendant under the writ issued on the Sweetzer judgment against Mrs. Odell August 30, 1905, at which time they were all on the homestead premises, part being in

trays, part in the field, part in bins in a barn, and part in boxes bearing the name of F. E. Odell.

Mrs. Odell, at all times during the year 1905, was insolvent and unable to pay the Sweetzer judgment.

The court found that plaintiff, on the thirtieth day of August, 1905, was, and ever since had been, the owner and entitled to the possession of the lot of prunes sued for, and gave judgment accordingly.

Appellant contends that the transfer of the fruit by Mrs. Odell to her husband F. E. Odell was void as against Mrs. Sweetzer, the judgment creditor of Mrs. Odell, under sections 3440 and 3442, Civil Code, and that for this reason the findings in favor of plaintiff were not sustained by the evidence, and a new trial should have been granted.

We do not think that this contention can be sustained.

In addition to the general finding above referred to, the court also found that F. E. Odell performed all the work and labor, and bore all the expenses in cultivating and raising said crop of prunes, and was the owner thereof and in the possession of the same at the time he sold them to Rosenberg Bros. & Company.

This finding is not attacked in defendant's specifications of insufficiency of the evidence to support the findings, and must therefore be taken as true. .

Starting with the premises, then, that F. E. Odell was, on the twenty-ninth day of July, 1905, the owner and in possession of said crop of prunes, the evidence shows that on that day he sold the same to Rosenberg Bros. & Company, for a valuable consideration, and as F. E. Odell was not indebted to Mrs. Sweetzer or to anybody else, so far as the evidence discloses, the provisions of sections 3440 and 3442 of the Civil Code have no application to the sale of the prunes by F. E. Odell to Rosenberg Bros. & Company.

The ownership and possession of F. E. Odell on the twenty-ninth day of July, 1905, being unchallenged, the ownership and right of possession of plaintiff at the beginning of the action follows from the evidence that plaintiff purchased from F. E. Odell, who was not the debtor of Mrs. Sweetzer. For this reason we think that the court did not err in denying the appellant's motion for a new trial.

But if it be conceded that upon the record before us the appellant may attack the validity of the transaction between

Grace M. B. Odell and her husband, F. E. Odell, concerning the prune crop in question, we still think the court did not err in refusing defendant's motion for a new trial.

At the foundation of appellant's claim to retain the prunes sued for must be the contention that the prunes were once the separate property of Mrs. Odell. This contention is of course predicated upon the fact that the homestead upon which they were grown was selected from the separate property of Mrs. Odell. But it was selected by her, and upon such selection she and her husband became vested with a joint title therein to the extent of the homestead. (*Burkett* v. *Burkett,* 78 Cal. 310, [12 Am. St. Rep. 58, 20 Pac. 715]; *Porter* v. *Bucher,* 98 Cal. 454, [33 Pac. 335].) Upon the death of either spouse a homestead so selected will vest absolutely in the survivor. (Code Civ. Proc., sec. 1474; *Weinrich* v. *Hensley,* 121 Cal. 647, [54 Pac. 254]; *Estate of Fath,* 132 Cal. 609, [64 Pac. 995]; *Estate of Young,* 123 Cal. 337, [55 Pac. 1011].) Mr. Odell was in possession of the homestead upon which the prunes were subsequently grown as fully as was his wife, and he had the same right to such possession that she had, and the same right to the absolute fee thereto in case he survived her that she would have in case she survived him. Neither could alone sell, encumber or relinquish the homestead. Under these conditions it may not be perfectly clear that a growing crop, or rather a crop with only a potential existence, was the separate property of Mrs. Odell.

But conceding that in January, when she made the agreement with her husband, Mrs. Odell had a separate interest in the crop, it is well established that growing crops are chattels not susceptible of manual delivery until harvested, and are not in the possession or under the control of the vendor within the meaning of the statute requiring an immediate delivery and continued change of possession. (*Davis* v. *McFarlane,* 37 Cal. 634, [99 Am. Dec. 340]; *O'Brien* v. *Ballou,* 116 Cal. 318, [48 Pac. 130].) If it be said that it was the duty of Mr. Odell to take immediate possession of the prunes as soon as they were severed from the land (*O'Brien* v. *Ballou,* 116 Cal. 318, [48 Pac. 130]), we think the evidence in the record sufficient to show that he did take such possession. He was, in fact, in possession of the land, and lived thereon with his wife. Mrs. Odell never had any posses-

sion of the prunes except such as was incident to her possession and interest in the homestead. Mr. Odell had at all times the same possession of the land, and did all the work and bore all the expenses of cultivating and *harvesting* the crop of prunes. The evidence is that Mr. Odell "raised the crop," and that Mrs. Odell had nothing to do with the prunes except that they were grown on the homestead, which was as much in the possession of Mr. Odell as it was in her.

"What constitutes an immediate delivery and an actual and continued change of possession is a fact to be determined upon the evidence in each particular case." (*Porter* v. *Bucher,* 98 Cal. 454, [33 Pac. 335] ; *Byrnes* v. *Moore,* 93 Cal. 394, [29 Pac. 70] ; *Claudius* v. *Aguirre,* 89 Cal. 503, [26 Pac. 1077] ; *Dubois* v. *Spinks,* 114 Cal. 289, [46 Pac. 95].) The facts of this case make as strong, if not a stronger, showing of an immediate and continued change of possession than was made in *Porter* v. *Bucher, supra,* which was held a proper case for the jury. In *Porter* v. *Bucher,* a husband sold to his wife hay in the stack on the homestead raised by him on the homestead. Substantially the only possession taken by the wife in this latter case was to close and fasten the gate to the corral where the hay was, and to cause her stock to be fed therefrom. In the case at bar the husband (vendee) cultivated and harvested the prunes, and in so doing necessarily exercised acts of ownership and possession continually over the prunes.

The evidence is sufficient to show a change of possession sufficient to meet the requirements of section 3440, Civil Code.

The labor and expense incurred and to be incurred by Mr. Odell in cultivating and caring for the premises was a valuable consideration for the transfer to him of the interest of Mrs. Odell in the prunes to be grown. The transfer, therefore, was not, as a matter of law, fraudulent as one made by an insolvent without valuable consideration. (Civ. Code, sec. 3442.)

No other reason is urged for a reversal of the order, which is therefore affirmed.

Cooper, P. J., and Kerrigan, J., concurred.