[L. A. No. 188.   Department Two.—March 20, 1897.]

JOHN O'BRIEN, RESPONDENT, v. S. D. BALLOU ET AL., APPELLANTS.

SALE OF GROWING CROPS—DELIVERY—STATUTE OF FRAUDS—HARVESTING OF CROP—DUTY OF PURCHASER.—Growing crops are chattels not susceptible of manual delivery until harvested, and a sale thereof is not within the statute requiring an immediate delivery and continued change of possession, but the sale passes title without a delivery of possession, though when the crop is harvested it is the duty of the purchaser to take immediate possession of the crop and retain such possession.

ID.—SALE OF WHEAT CROP—DOMINION OF PURCHASER—ATTACHMENT.— Where the vendor of a growing crop of wheat did not live upon the land where the wheat was grown, and exercised no dominion over it after the sale thereof, but the purchaser gathered and marked the wheat as his own in a manner sufficient to notify the public of his ownership, and exercised such dominion over it as is usual in such cases, the wheat cannot thereafter be lawfully attached as the property of the vendor.

ID.—PURCHASE BY EMPLOYEE—VALID SALE.—The fact that the purchaser of the wheat was an employee of the vendor is a matter of slight impor-tance, where the evidence is sufficient to show a sale and purchase which were not void under the statute of frauds, and the verdict of the jury was in favor of the ownership of the wheat by the purchaser.

ID.—INSTRUCTIONS—CONTINUED CHANGE OF POSSESSION.—Where the only question upon the evidence is whether the plaintiff took possession of the crop when harvested before the levy of the attachment, and the jury were, upon the whole case, instructed as to the necessity and con-tinuous possession of plaintiff, an instruction that, if the jury find that plaintiff, in good faith, reduced the crop to his possession when har-vested, and was in possession thereof when it was levied upon, their verdict should be for the plaintiff, is not subject to the objection that it ignores the continuous character of the possession necessary to satisfy the law.

ID.—MISLEADING INSTRUCTION—DELIVERY AND POSSESSION FROM DATE OF SALE—BURDEN OF PROOF.—An instruction requested by the defendant to the effect that the burden was upon plaintiff to show an actual and continued change of possession from the date of the sale, is erroneous and misleading, as applied to the crops which were growing at the date of the sale.

Id.—REFUSAL OF INSTRUCTION OTHERWISE GIVEN.—It is not necessary, at the request of a party, that the court should repeat instructions which are otherwise substantially given in its charge to the jury.

Id.—REPLEVIN—FORM OF JUDGMENT AGAINST ASSIGNEE OF INSOLVENT VENDOR—INDIVIDUAL LIABILITY—REPRESENTATIVE CAPACITY.—Where the assignee in insolvency of the vendor defends, as such assignee, an action of replevin brought by the purchaser of the wheat crop, he cannot complain that a judgment for the plaintiff is rendered against him, both individually and in his representative capacity as such assignee, he being individually responsible for his tortious act, and the capacity in which he defended being also properly determined by the judgment.

Id.—SATISFACTION OF JUDGMENT—REIMBURSEMENT FROM ESTATE.—There can be but one satisfaction of such judgment, and the fact that the judgment is against the assignee, as such, is some evidence upon which to predicate a claim for reimbursement from the estate of the insolvent.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial.  V. A. GREGG, Judge.

The facts are stated in the opinion.

*Wilcoxon & Bouldin*, and *J. M. Wilcoxon*, for Appellants.

The transfer of the crop from Bruce to the plaintiff was void under the statute of frauds.  (Civ. Code, sec. 3440.)  The court erred in refusing to instruct the jury as to the burden of proving the change of possession.  (*Stephens* v. *Halstead*, 58 Cal. 196; *Busenius* v. *Coffee*, 14 Cal. 91.)  The court erred in not granting a new trial because the jury disregarded the instructions of the court.  (*Aguirre* v. *Alexander*, 58 Cal. 21, 30; *Mattingly* v. *Pennie*, 105 Cal. 513.)

*William Shipsey*, for Respondent.

The transfer does not contravene the statute of frauds, as a growing crop is not within the statute, and no change of possession is required.  (*Davis* v. *McFarland*, 87 Cal. 634; *Bours* v. *Webster*, 6 Cal. 661; *Bernal* v. *Hovious*, 17 Cal. 542; *Reventas* v. *Green*, 57 Cal. 255.)

SEARLS, C.—Replevin to recover possession of six hundred and thirty-eight sacks of wheat, or their value

if possession cannot be had. Plaintiff had a verdict for five hundred and seventy-one sacks, of the value of five hundred and seventy-one dollars, upon which judgment was entered. Defendant J. B. Blake (the action having been dismissed as to defendant Ballou) appeals from the judgment and from an order denying his motion for a new trial.

It appears that during the year ending, say, with the harvest of 1894, plaintiff had labored as a ranch hand for one Bruce, who was farming about three hundred and twenty acres of land sown to wheat. Some sixty to seventy acres of this land was rented from one Wyman, and the residue, which was adjoining, from one Jack. The land was not separated by fence. The crop of 1894 was a failure, and Bruce was unable to pay plaintiff his wages. Bruce then proposed to plaintiff that if he would continue to labor for another year he, Bruce, would convey to him sufficient of the crop to pay his wages. Plaintiff accepted the proposition. The land was all cultivated to wheat. Jack had a crop mortgage on the wheat growing upon his own land.

On June 21, 1895, Bruce, being indebted to plaintiff in the sum of five hundred seventy-four dollars and seventy-five cents, made to the latter a bill of sale of the sixty acres, more or less, of wheat growing on the Wyman tract, in payment of the sum due him.

Bruce also, in view of the fact that it was doubtful if the grain would pay plaintiff in full, agreed verbally to furnish sacks for the grain, and to pay the harvesters, plaintiff to pay all incidental expenses.

The wheat was harvested, kept separate from that on the Jack ranch, and placed in a pile, where it was marked by plaintiff with his initial. He paid for gathering it, and the board, etc., of the harvesters.

While in this condition, and some two weeks after it was harvested, the wheat was attached by defendant, S. D. Ballou, as sheriff, under a writ of attachment against Bruce. Bruce thereafter went into voluntary insolvency;

defendant Blake was appointed assignee in insolvency, and the wheat was turned over to him by the sheriff.

1. The appellant contends in favor of reversal that the transfer of the crop from Bruce to plaintiff was void under the statute of frauds.

Growing crops are chattels not susceptible of manual delivery until harvested, and are not "in the possession or under the control of the vendor" within the meaning of the statute requiring an immediate delivery and continued change of possession. (*Davis* v. *McFarland*, 37 Cal. 634.) When the crop was harvested it was the duty of plaintiff to take immediate possession of the grain, and to retain such possession.

The evidence on the part of plaintiff tended to show that Bruce did not live upon the land where the wheat was grown, but resided some six miles distant, was never at the *situs* of the wheat but once after the sale, and exercised no control or dominion over it as owner.

Plaintiff, after gathering and marking the wheat, camped close to, but not on, the Wyman land, at a point where he could get water, until the wheat was attached. He also hauled away and sold for seed some seventy sacks. This was after the levy of the attachment, but before it was served upon him.

The sale passed the title to plaintiff without a delivery of possession. When it was harvested plaintiff exercised such dominion over it as is usual in such cases. The ground upon which it was grown was, so far as appears, vacant and unoccupied. The brand upon the sacks was sufficient to notify the public of plaintiff's ownership.

We attach little importance to the fact that plaintiff was working for Bruce. (*Bernal* v. *Hovious*, 17 Cal. 542; *Visher* v. *Webster*, 13 Cal. 58.) The evidence was sufficient to support the verdict, and on the showing of plaintiff the contract was not void under the statute of frauds.

2. Appellants urge that the written transfer from

Bruce to the plaintiff was a mortgage of a growing crop, and not a sale. This contention has no support in the record, and we need not discuss it.

3. It is further urged that the court erred in instructing the jury, and in its refusal to instruct as requested by defendant.

The court, upon its own motion, instructed the jury, and, after stating the nature of the action, proceeded as follows:

1. " Plaintiff claims to have purchased it [the wheat] when it was a growing crop, and after it was harvested to have reduced it to his possession. If you find that he did so in good faith, and was in possession thereof when it was levied upon, your verdict should be for plaintiff; that he is the owner of the property, and entitled to the possession thereof, and the value thereof is five hundred and seventy-one dollars."

2. "(4) If you find from the evidence that A. L. Bruce sold a crop of growing wheat to the plaintiff, from which came the wheat in controversy; that after said wheat was harvested said Bruce continued to exercise acts of ownership over the wheat; continued to control and manage the same, and retain possession thereof, your verdict should be for the defendant."

The only objection urged to these instructions is that the first of them ignored the continuous character of the possession necessary to satisfy the law.

There was nothing in the evidence to give point to this objection. The only question was whether plaintiff took such possession as the law required. But, conceding appellant's objection under such circumstances to be good, the court did instruct the jury in the second instruction that, if the vendor, after the wheat was harvested, continued to exercise acts of ownership over it, or controlled or managed it, and retained possession thereof, that they should find for defendant.

This was sufficient to indicate to the jury, and did indicate to them more clearly than the language of the

statute would have done, the necessity of an exclusive and continuous possession in plaintiff.

The defendants' third instruction, marked in the record as 5, which was given, also covered this point, in which the jury was instructed that it was the duty of the plaintiff " to take immediate possession of the grain (when it was harvested), and retain such possession."

The following instructions asked by defendant were properly refused: "That the burden of proving that there was a change of possession from Bruce to plaintiff, and that plaintiff thereafter continued in the possession of the property sold until the same was attached, is on the plaintiff, and the plaintiff must show, by a preponderance of the evidence, that, at the date of the sale, he took immediate possession and control, and retained the same until the property was levied upon by the sheriff."

The last clause of this instruction was objectionable, in that the property, being a growing crop, was not susceptible of an immediate possession, in the sense of the term as applied to personal property capable of manual delivery, and, to have given it, would have tended to mislead the jury.

The other instruction was as follows: " If you believe, from the evidence, that A. L. Bruce, after said sale to plaintiff, continued to exercise acts of ownership over said crop; continued to control and manage the same, and assumed the ownership thereof; employed the men to harvest the same, took charge and superintendence of, and contracted for, the labor performed on said crop, your verdict must be for the defendant."

This instruction embodied the same principle, and was largely in the same language, as that given by the court, and hereinbefore set out and marked 2. It was not necessary to repeat the instruction. We need not set out the instructions given at the request of defendant. They presented clearly the law applicable to the

case from the standpoint of defendant's evidence. The verdict was not against law by reason of being in disregard of the instructions of the court.

It is further urged that the judgment is erroneous in that it runs against the defendant individually and as assignee.

The complaint counts against Blake as an individual. In his answer he justifies taking and holding the wheat as the assignee in insolvency of Bruce, an insolvent.

The judgment, after reciting that "said Blake took, holds, and claims said property in his capacity as assignee of the estate of A. L. Bruce, an insolvent debtor," proceeds to award judgment against "J. B. Blake, both in his individual and representative capacity aforesaid." It will be observed that the judgment is not against the estate which the defendant represents as assignee, but is simply against him as an assignee.

Having defended in that right, and in no other, and the verdict being against him, he is not in a position to complain that the court has, by its judgment, determined the very issues he tendered for adjudication, and has concluded him thereby.

There can be but one satisfaction of the judgment, and such satisfaction, being of a judgment against him as assignee, will be some evidence upon which to predicate a claim for reimbursement from the estate of his insolvent. Section 580 of the Code of Civil Procedure applies to the extent of the relief to be granted. Here the question relates, not to the extent of the relief, but to the character in which the defendant is liable. He could not, by a tortious act, be absolved from his individual responsibility, and, where he voluntarily justifies in a particular capacity, his rights in that capacity should be determined by the judgment. The judgment here does nothing beyond that.

We recommend that the judgment and order appealed from be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J.

TEMPLE, J., concurring.—I concur, but I do not think it can properly be said that the judgment is against the defendant as assignee. Defendant could not commit the trespass as assignee, and the recital in the judgment as to his character is simply surplusage. He is properly held personally liable, and it is not of consequence in this case whether he can be reimbursed from the insolvent's estate or not.

HENSHAW, J., concurred.