## WILLIAMSON v. RICHARDSON.

### (Circuit Court of Appeals, Ninth Circuit.   May 5, 1913.)

### No. 2,207.

1. BANKRUPTCY (§ 446*)—REVIEW—PETITION TO REVISE—SCOPE.

   Under a trustee's petition for revision in matter of law of an order of the District Court in bankruptcy, as authorized by Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), only questions of law and such as are necessarily involved in the order complained of can be considered by the appellate court.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*

   Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. APPEAL AND ERROR (§ 901*)—RECORD—SHOWING ERROR.

   Appellate courts do not presume error, but grant relief only in cases where error is made affirmatively to appear.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1771, 3670; Dec. Dig. § 901.*]

3. BANKRUPTCY (§ 140*)—CONTRACT—PERFORMANCE—DELIVERY—PASSING TITLE.

   Claimant purchased of the bankrupt all his hop crop for 1909 at 8 cents a pound, the purchase price to be paid upon delivery of the hops. Advances were made from time to time, and prior to the date of the bankrupt's adjudication the claimant had inspected, weighed, and accepted all the hops on the ranch then ready for delivery, and had marked all the bales so accepted with the name and address of the consignee to whom he intended to ship them. After adjudication and defendant had hauled the hops to the railroad station for delivery, they were seized by the bankrupt's trustee. *Held*, that though, under the contract, the bankrupt was bound to deliver the hops at the railroad station, such provision was one that the buyer could waive, and that there was a delivery at the ranch of the bales accepted and marked, sufficient to pass title to the buyer.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

4. BANKRUPTCY (§ 178*)—FRAUDULENT CONVEYANCE—DELIVERY—CHANGE OF POSSESSION.

   Such facts showed a sufficient delivery and change of possession of the hops so selected, weighed, and marked, within Civ. Code Cal. § 3440, providing that transfers of personal property shall be void against creditors of the seller and successors in interest, etc., unless accompanied by immediate delivery and followed by actual and continued change of possession.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 221, 264–274, 283, 284; Dec. Dig. § 178.*]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of California, in Bankruptcy; John J. De Haven, Judge.

Petition by W. M. Richardson for an order directing M. N. Williamson, trustee in bankruptcy of the estate of George M. Ikeda, to deliver petitioner certain hops, claimed to belong to petitioner under a contract of sale. A referee denied the petition, but the District

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Judge awarded claimant 216 bales, and to the trustee the balance, and he filed petition to revise. Denied.

Robt. T. Devlin and Devlin & Devlin, all of Sacramento, Cal., for petitioner.

Irving Needham, C. E. McLaughlin, and White, Miller & Mc-Laughlin, all of Sacramento, Cal., for respondent.

Before GILBERT, Circuit Judge, and WOLVERTON and DIET-RICH, District Judges.

DIETRICH, District Judge. Upon the petition of M. N. Williamson, trustee in bankruptcy of the estate of George M. Ikeda, bankrupt, we are asked to revise in matters of law an order of the District Court adjudging the respondent, W. M. Richardson, to be the owner of 216 bales of hops grown by the bankrupt upon the "Ride-out Ranch" in Sutter county, Cal., during the year 1909, the same being part of a total crop of 357 bales. Ikeda was adjudged a bankrupt on September 20, 1909, and shortly thereafter, on October 5th, Williamson was elected trustee of the estate, and immediately took possession of the hops. Thereupon Richardson, claiming ownership of the entire crop under the terms of a contract with the bankrupt dated March 3, 1909, and alleging that the trustee's possession thereof was wrongful, presented to the referee a petition setting forth the facts upon which his claim was based, and prayed for an order directing the trustee to yield possession. Answer was filed, and upon the issues thus joined a hearing was had, resulting in a finding by the referee against the claimant, whereupon, in the manner provided by law, he brought the matter before the District Judge, who awarded to him 216 bales, and to the trustee the balance of the hops.

[1] The prayer of the trustee here is for a revision "in matters of law" of the order of the District Court, and by the terms of the statute (Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) under which the proceeding is taken, as well as the prayer, only questions of law, and such as are necessarily involved in the order, can be considered. But the view which the lower court took of the law is neither disclosed by the order itself, nor by inference or necessary implication is it clearly made to appear from other parts of the record. Apparently the findings of fact certified by the referee were not adopted by the District Judge, for his order makes no reference to them, but recites only a "consideration of the evidence"—and the evidence has not been brought here. It was concluded below "that the legal title to 216 bales of the hops in controversy was vested in the claimant, Richardson, on August 28, 1909, and that he was the owner thereof at the date of the adjudication in bankruptcy"; but to what extent this conclusion involves questions of law and to what extent questions of fact is left largely to conjecture.

[2] It is elementary that appellate courts do not presume error, but grant relief only in cases where it is made affirmatively to appear that error has been committed. Not having the evidence before us,

we must assume that in so far as it relates to the 216 bales of hops it was such as to warrant findings in support of the claimant's petition before the referee, and that the court found accordingly. In the petition it is set forth that by the terms of the contract of March 3, 1909, the claimant agreed to buy, and Ikeda agreed to sell, the hops grown upon the "Rideout Ranch" for the year 1909, at the agreed rate of 8 cents per pound, the purchase price to be paid upon the delivery of the hops. Advances were to be made by the claimant from time to time during the season on specified dates, and such amounts were to bear interest at the rate of 6 per cent. per annum. Payments aggregating $5,397.75 were made prior to the adjudication in bankruptcy, this being a little less than sufficient to cover the price of the entire crop, but greatly in excess of the price of the 216 bales. Prior to September 20, 1909, the claimant had inspected and accepted all the hops then ready for delivery, namely, 216 bales, weighing 42,-357 pounds, and had marked all of the bales so accepted with the name and address of the consignee to whom he intended to ship them. The further fact is alleged that after the adjudication the claimant hauled the hops to the railroad station, and was loading them for shipment when the petitioner here, as trustee or receiver, over claimant's protest, took possession of them.

[3] If, without so deciding, we assume, in harmony with the contention of the trustee, that under the circumstances of the case he does not stand in the shoes of the bankrupt, but may assert all of the rights of an attaching creditor, and that the contract did not, when executed, operate to transfer title, but amounted only to an executory agreement to sell, it must still be held that the sale of the 216 bales was fully consummated when, with the assent of the vendor, the claimant inspected, accepted, and branded them; the property was thus specifically and definitely appropriated to the contract, and title thereupon passed to and vested in the claimant. Benjamin on Sales (2d Am. Ed.) § 358; McElwee v. Metropolitan L. Co., 69 Fed. 302, 16 C. C. A. 232; Mills, Trustee, v. Virginia Co., 164 Fed. 168, 90 C. C. A. 154, 21 L. R. A. (N. S.) 901, 20 Am. Bankr. Rep. 750; Stelling v. Jones Lumber Co., 116 Fed. 261, 53 C. C. A. 81, 8 Am. Bankr. Rep. 532; Baars v. Mitchell, 154 Fed. 322, 83 C. C. A. 466. It is immaterial that under the contract it was the duty of the vendor to transport the hops to the railroad station. If claimant was not bound to accept them until they were so delivered, such a stipulation being beneficial to him, he could at his option waive it in so far as it related to the time and place of acceptance, and accept the hops in the field, without releasing the vendor from his contractual obligation to haul them to the station. McElwee v. Metropolitan L. Co., supra.

[4] Assuming the facts to be as found and certified by the referee, counsel for the petitioner contend that the sale was void for want of sufficient change of possession, under section 3440 of the Civil Code of California, which in substance provides that transfers of personal property, unless accompanied by immediate delivery and followed by actual and continued change of possession, are conclusively pre-

sumed to be fraudulent, and therefore void against creditors of the vendor and their successors in interest, and also against persons upon whom his estate devolves in trust for the benefit of others than himself. For the reasons already stated, however, we are not at liberty to consider the referee's findings as correctly stating the facts upon which the order under review was based, and therefore the question does not properly arise. But, if such consideration were permissible, we are inclined to the view that, in the light of the decisions of the Supreme Court of California construing this section of the statute, the contention should not be sustained. Porter v. Burcher, 98 Cal. 456, 33 Pac. 335; Dubois v. Spinks, 114 Cal. 294, 46 Pac. 95; O'Brien v. Ballou, 116 Cal. 320, 48 Pac. 130. See, also, Stelling v. Jones L. Co., 116 Fed. 261, 53 C. C. A. 81.

No error of law appearing, the petition for revision is denied, with costs in favor of the respondent and against the petitioner.