## COCKRUM v. JOHNSTON.

No. 9085—Opinion Filed Sept. 24, 1918.

Opinion Readopted Dec. 28, 1920.

(194 Pac. 210.)

**1. Fraudulent Conveyances — Transfer of Personal Property—Validity.**

A transfer of personal property, to be valid under section 2897, Rev. Laws 1910, must be accompanied by an actual and continued change of possession, which must be open, notorious and unequivocal, and such as to apprise the community and those who deal with the party that the goods have changed hands, and the title thereto has passed from the vendor to the vendee.

**2. Same—Necessity for Change of Possession.**

Mere knowledge or notice of a transfer of personal property capable of manual delivery, unaccompanied by a change of possession, will not prevent an existing bona fide creditor from seizing said property upon attachment or execution.

**3. Same—Recorded Bill of Sale not Constructive Notice.**

In the absence of a statute directing a bill of sale to be recorded, the same, when recorded, does not afford constructive notice.

**4. Same—Growing Crops—Delivery.**

Growing crops are chattels, not susceptible

of manual delivery until harvested, and are not "in the possession or under the control of the vendor," within the meaning of the statute requiring an immediate delivery and continued change of possession; but, when the crop is harvested, it is the duty of the vendee to take possession and to retain the same.

(Syllabus by Hooker, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Replevin by Reas E. Cockrum against Hugh Johnston. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

J. F. King, for plaintiff in error.

G. A. Campbell, for defendant in error.

Opinion by HOOKER, C. This was an action in replevin by plaintiff in error, Reas E. Cockrum against defendant in error, Hugh Johnston, to recover certain personal property from him. Plaintiff in error alleged that he was the owner of and entitled to the immediate possession of the personal property consisting of farming implements and stock and some feed standing in the field, of the aggregate value of $1,085 (specifically describing and valuing each animal and article separately); that the defendant wrongfully took possession of all of said property from plaintiff, and unlawfully detains the same from him, etc.—and prays for the possession of the same, or the value, and damages in the sum of $300, etc. A writ of replevin was secured, and the property taken thereunder and delivered to the plaintiff.

Defendant filed his answer, denying all the allegations of the petition, except as admitted; alleging that he was sheriff of Kay county, Okla.. and that he took possession of the property from Cockrum under a writ of attachment issued on the 14th day of October. 1915, to him as sheriff in the case of Cathcart & Cockrell Grain Co. v. Ed. Miller, in the district court of said county, as the property of Miller; that Miller and wife made a pretended sale of the property in writing to plaintiff, Cockrum, for the sum of $350 on August 23, 1915; that the same was not a bona fide sale, but was made for the purpose of defrauding and defeating the creditors of Miller, and were sold for $350; that Cockrum made the pretended purchase, knowing that the company had instituted suit against Miller for $956.54, and that the same was pending, and that Cockrum was a party to the fraud and conspiracy, for the purpose of assisting Miller in defrauding it out of its just and honest claim; that the writ of attachment was obtained in the Miller case, and the property taken thereunder—and prays for the return of the property, and, if the property cannot be returned, then the value thereof, in the amount of $1,085.

Plaintiff, in his reply, denies all of the allegations in the answer, except as admitted; admits that the defendant is sheriff, and that he took the property, and that he claims he took it under said writ; admits the pendency of the Miller suit, and alleges that on the 23rd day of August, 1915, before the issuance of the writ of attachment, he purchased the said property from Miller and wife by written bill of sale; that the consideration mentioned in the bill of sale is $350, but that at the time of the sale there were mortgages and liens against the said property for the sum of $235, which he paid in addition to the $350, and the full consideration "for the complete title and interest in said property" paid by him was $585, its fair and reasonable market value at that time; that he purchased the said property, and paid for same in full, without any knowledge, information, or belief that the said Ed. Miller was selling or disposing of his property, or any part thereof, for the purpose of or with the intent to defraud or defeat his creditors, or any of them; and that he made the said purchase and paid for the same bona fide and in good faith.

A jury was demanded by the plaintiff and duly impaneled to try the case. The plaintiff introduced his evidence to the court and jury, and rested. Thereupon the defendant demurred to the evidence, and the court sustained the demurrer and discharged the jury, to which the plaintiff excepted. The court then announced that he would render judgment for the defendant for the possession of the property, heard evidence of its value, and rendered judgment for said defendant.

Plaintiff in error and Miller were farmers in Kay county and were close neighbors. Miller lived on a rented place, and his lease expired in January, 1916. In the spring of 1915. Miller left the farm and engaged in other business in the state of Kansas, but left his family on the place he had leased in Kay county, and his wife and children operated the farm. He was indebted to another in the sum of several hundred dollars, and on the 9th day of August, 1915, suit was filed against him by said party, and on August 23, 1915, Miller purported to sell all of his property to Cockrum for a consideration less than its real value, and to evidence the transaction Miller executed and delivered to him a bill of sale therefor, which was recorded on August 24, 1915. In December, 1915, judg-

ment was rendered in said action against Miller, and the attachment, which was sued out in October, 1915, was sustained, and the property·ordered sold, being the same property as involved here.

The evidence discloses that there was no change of possession of the property thus alleged to have been sold by Miller to plaintiff in error, but all of it was permitted to remain in the possession and control of the family of said Miller and never moved from the farm that Miller had leased. Cockrum, when possession was given to him by virtue of this suit, sold the same and used the proceeds. Upon the trial the court fixed the value of the property at $985, but deducted therefrom the $350 paid by Cockrum to Miller for this property, and rendered a judgment for the balance against plaintiff in error. Why, nor upon what theory, we do not understand.

The defendant in error asserts that. inasmuch as Cockrum permitted this property to remain where it was when he bought it, the sale is void under the provision of section 2897, Rev. Laws 1910, which is as follows:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

This section of the statute, when considered with section 2899, renders the proposition involved in this case one of law for the court. The court, in R. A. Co. v. Hanes at al., 9 Okla. 485, 60 Pac. 288, quoting from another court, said:

"It is not enough that there is an actual delivery and an actual change of possession between vendor and vendee, so long as the property, without legal excuse, is placed back in the same condition and the same apparent relation.to the vendor; that there is no such manifest and continued change of possession as would indicate to the world that there had been a change of title."

And in Love v. Hill, 21 Okla. 347, 96 Pac. 623, this court said:

"One H. sold to plaintiff a number of hogs.

which were at H.'s home, several miles from where the sale was made. H. executed a bill of sale to plaintiff for the hogs, and the same was recorded. The bill of sale provided that the hogs should be held by H. until plaintiff ordered them delivered to.a certain town, within not to exceed 15 days. Within the 15 days and before the hogs were delivered at said town, and before they had ever been seen by plaintiff, they were levied upon by attaching creditors of H. Held, that the sale was void under section 2775, Wilson's Rev. & Ann. St. Okla. 1903, as against the attaching creditors, on the ground there was not an immediate delivery and actual and continued change of possession."

And in W-H-F. Co. v. King, 58 Okla. 120, 158 Pac. 1142, it is said:.

"A transfer of personal property, to be valid under section 2933, Comp.·Laws 1909, must be accompanied by an actual and continued change of possession, which must be open, notorious, and unequivocal, and such as to apprise the community and those who deal with the party that the goods have changed hands and the title thereto has passed from the vendor to the vendee.

"Notice or knowledge of a transfer of personal property capable of manual delivery, unaccompanied by a change of possession, will not prevent an existing bona fide creditor from seizing said property upon attachment or execution."

The rule announced in these cases has been approved in many cases of this court. In the absence of a statute directing a bill of sale to be recorded, the same, when recorded, does not afford constructive notice. Rauh v. Morris, 40 Okla. 288, 137 Pac. 1174.

But a part of this property, at the time of the alleged sale to Cockrum from Miller, and at the time of the attachment, consisted of corn and kaffir corn. growing in the field. Does it come within the provisions of section 2897, Rev. Laws 1910? We think not. 20 Cyc. p. 555, says:

"Obviously there can be no actual delivery of a growing crop without putting the vendee in possession of the land itself. Hence, from the very necessity of the case, such sales must be excepted from the general rule, unless the law interdicts them altogether. Accordingly it is held that a sale of growing annual crops, fructus industriales, is valid without a change of possession, not only between the parties, but as to the vendor's creditors, although, when the crop is harvested. it is the duty of the purchaser to take and retain possession. But growing perennial crops, fructus naturales, are a part of the real estate, and a sale of them passes no title as against the vendor's creditors until they are harvested and delivered."

And in O'Brien v. Ballou, 116 Cal. 318, ·48 Pac. 130, it is said:

"Growing crops are chattels, not susceptible of manual delivery until harvested, and are not 'in the possession or under the control of the vendor,' within the meaning of the statute requiring an immediate delivery and continued change of possession. Davis v. McFarland, 37 Cal. 634. When the crop was harvested, it was the duty of the plaintiff to take immediate possession of the grain, and to retain such possession."

The view of the court, that the sale of this property was void by virtue of the statute above cited is correct, but as to the standing crops the statute does not apply.

This cause is reversed, and remanded for a new trial.

By the Court: It is so ordered.