## WARD v. FELDMAN.

No. 16592—Opinion Filed Feb. 1, 1927.

(Syllabus.)

1. **Fraudulent Conveyances—Transfer of Personally—Necessity for Change of Possession.**

A transfer of personal property, to be valid under section 6021 C. O. S. 1921, must be accompanied by an actual and continued change of possession, which must be open, notorious, and unequivocal, and such as to apprise those who deal with the party that the goods have changed hands and the title thereto has passed from the vendor to the vendee.

2. **Appeal and Error—Conclusiveness of Findings in Law Action Tried to Court.**

In an action at law, where a jury is waived and the cause is tried to the court, the findings of the court will be accorded the same weight and consideration as the ver-

dict of the jury, and where there is evidence reasonably tending to support the findings of the trial court, its judgment will not be disturbed on appeal.

### 3. Same—Judgment Sustained.

Record examined; held, that the judgment of the trial court is reasonably supported by the evidence.

Error from Court of Common Pleas, Tulsa County; Gerald F. O'Brien, Judge.

Action by R. Feldman against T. L. Lovely et al, for money judgment and attaching certain chattels. D. W. Ward interpleaded in the attachment action claiming ownership of the chattels in question. Judgment for plaintiff and against T. L. Lovely and the interpleader, D. W. Ward. D. W. Ward brings error. Affirmed.

Bicking & Wilson, for plaintiff in error.

Chas. L. Yancey, Henry L. Fist, and W. Y. Mauzy, for defendant in error.

HEFNER, J. This cause was tried in the court of common pleas of Tulsa county, Okla. The parties will be referred to as they appeared in the trial court.

The plaintiff in error, D. W. Ward, was an interpleader in a case wherein the defendant in error, R. Feldman, prosecuted an action against T. L. Lovely, the surviving member of the partnership of Sexton & Lovely.

On or about the 31st day of July, 1924, Ward purchased certain pool hall equipment from the defendants, and the bill of sale covering same was executed and delivered to Ward. A few days thereafter, on August 6th, plaintiff commenced his action against Lovely for a money judgment, and filed an attachment affidavit and attached this property. On the 10th day of September following, Ward attempted to take possession of the property, but was advised that the same was under attachment. He filed a forthcoming bond and took possession of and moved the property to Tulsa.

A jury was waived and the cause submitted to the court, and on final hearing the court sustained the attachment and rendered judgment against Ward.

The principal question to be determined under the assignments of error is whether or not section 6021. C. O. S. 1921, applies. The section is as follows:

"Transfers of Personalty. Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

Plaintiff in error contends that the statute does not apply because the property in controversy was in storage in the town of Collinsville, Okla., and the parties transferring the property were at the time in Pawhuska, Okla., and the party to whom the property was transferred resided in Tulsa, Okla.

We have read the entire record, and it is silent on the question as to whether or not the property was in storage. The defendant Lovely testified that the property was in his possession, and the evidence does not disclose what kind of possession he had. He may have had an employee operating the pool hall in Collinsville, and it may have continued to so operate until the property was attached. Interpleader Ward testified, in substance, that he didn't know the exact date he took possession, and that he was fixing his building in Tulsa in which he wished to place the property, and when he got it fixed he went to Collinsville and hauled the pool hall equipment down and put it in the building. He also testified that when he went to get the property one of the deputies told him that the same had been attached.

In an action at law, where a jury is waived and the cause is tried to the court, the findings of the court will be accorded the same weight and consideration as the verdict of the jury, and where there is evidence reasonably tending to support the findings of the trial court, its judgment will not be disturbed on appeal.

The trial court found, as a matter of fact, that there had been no actual delivery of the property to the interpleader and that the property had continued in the possession of the defendants until the attachment was served. While the evidence is not very satisfactory as to the kind of possession the defendant had, yet we do not feel disposed to disturb the findings of fact by the court, and the judgment is therefore affirmed.

All the Justices concur.

Note.—See under (1) 27 C. J. p. 574, §293; p. 579, §301; anno. 32 L. R. A. 54; 12 R. C

L. p. 551; 2 R. C. L. Supp. p. 1455. (2) 4 C. J. pp. 876, 879, §2853; 2 R. C. L. p. 202; 1 R. C. L. Supp. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. (3) 4 C. J. p. 879, §2853.