GOODWIN v. SHI et al.

No. 24086.    Jan. 29, 1935.

Rehearing Denied March 5, 1935.

R. E. Bowling and S. J. Goodwin, for plaintiff in error.

C. H. Bowie and Blanton, Curtis & Blanton, for defendants in error.

PER CURIAM. This is an action in replevin instituted in the district court of Garvin county, by the defendants in error A. H. Shi and A. A. Forrest, copartners, against A. H. Land, in which suit the plaintiff in error, S. J. Goodwin, filed his petition in intervention.

For convenience the parties hereto will be designated as they appeared in the court below.

Plaintiffs brought this suit in replevin for the recovery of possession of a certain Chevrolet automobile and to establish and enforce a lien which they claimed to have for labor performed and material furnished on said automobile belonging to the defendant, A. H. Land. It was alleged in the petition that said labor performed and material furnished was in pursuance of a contract and agreement between the plaintiffs and defendant, to which petition the defendant A. H. Land filed a verified answer in the form of a general denial. Thereafter, and in due time, the intervener, J. S. Goodwin, filed his petition of intervention, claiming that he was the owner of said car by reason of the fact that on the same day, but before the action was filed and replevin served, he purchased said car from the defendant Land, and asked that the same be returned to him, to which petition of intervention the plaintiffs filed a general denial.

Upon the trial of the case a jury was waived, at the conclusion of which the district court rendered judgment for the plaintiffs for possession of said automobile for the purpose of satisfying plaintiffs' lien for labor performed and material furnished, in the sum of $250, denying intervener's claim of ownership and right of possession, and canceling the assignment of the title thereof from the defendant to the intervener.

Motion for new trial was filed by intervener, overruled and exceptions taken thereto, and the case comes to this court regularly upon appeal from the district court.

Numerous errors are assigned by the intervener, but his entire argument in support of his contention may be said to cover but two questions: First, Did the court err in holding that the plaintiffs were entitled to a lien on the automobile in question? Second, Did the court err in holding that the sale of said car by the defendant to the intervener was fraudulent and void as to the rights of these plaintiffs, and canceling the assignment of title?

As to the first proposition, the record discloses that the plaintiffs filed their petition in replevin on the 11th day of July, 1931, and attached thereto a sworn, itemized account of material furnished and labor performed on said automobile. The last item on this list being dated June 15, 1931, for labor on car. Plaintiffs are relying upon the provisions of section 10986, O. S. 1931, for the establishing of their lien, which provides as follows:

"Blacksmiths, wheelwrights, and horse-shoers who perform work and labor for any person, if unpaid for same, shall have an absolute lien, subject to all prior liens, on the product of their labor and upon all wagons, carriages, automobiles, implements and other articles repaired, or horses, or other animals shod by them, for all sums of money due for such work or labor and for any material furnished by them and used in such product, repairs, or shoeing."

It is the contention of the intervener that the plaintiffs were not entitled to a lien under the provisions of this statute by reason of the fact that this particular statute does not provide for a lien for work performed and material furnished in a running account such as the itemized statement attached to plaintiffs' petition.

We have examined the record carefully and find that no demurrer was interposed to the plaintiffs' petition, and the plea of intervention makes no denial of the plaintiffs' right to a lien, but merely alleges that the intervener is the owner of the car and entitled to its possession, and at the close of the case no demurrer was interposed to plaintiffs' evidence by either the intervener or the defendant; no evidence was introduced by the intervener denying plaintiffs' right to a lien for the amount of labor performed or material furnished as shown by the itemized account.

The trial court, on motion of the plaintiffs, gave the plaintiffs judgment in the sum of $250, and established a lien on the automobile in question. No exceptions were taken thereto by either the defendant or the intervener.

Upon this record, we feel it unnecessary to pass upon the validity of the lien in question, because the plaintiffs' right to a lien and the correctness of the account were not questioned either by the pleadings or the evidence, and is raised for the first time on appeal.

In the case of the Security National Bank of Tulsa v. Cain, 126 Okla. 202, 259 P. 572; Baldwin & Baker v. Saunders-Gibson Co., 148 Okla. 290, 298 P. 600; Milliken et al. v. Smith, 120 Okla. 211, 251 P. 84; Westlake v. Cooper, 69 Okla. 212, 171 P. 859, and many other cases, this court has adopted the rule as settled law in this jurisdiction that on appeal a case must be presented upon the same theory upon which it was presented to the trial court, and that a party litigant will not be allowed, after lodging his appeal in this court, to change the theory of his case and present other and different questions than those presented in the trial court. Therefore, plaintiffs' right to a lien not having been submitted to the court either by pleadings or at the trial of the case, and no objections having been taken to the judgment of the trial court establishing the lien, we decline to consider it here.

We now come to the second proposition, which, as we view the case, was the only one raised at the trial of the case in the trial court. The intervener bases his right to recover the possession of said car on a purchase and assignment from Land to himself executed on the date the action was commenced and the writ of replevin served, but contends that the transfer of the car and the assignment was made in the forenoon, and that the action was not commenced and the replevin served until in the afternoon of that day, and relies' upon section 10987, O. S. 1931, which, among other things, provides:

"* * * that said lien must, in either event, be so filed with the clerk of the district court of the county in which the debtor resides, before the title to the property described therein has passed from the original owner."

His testimony at the trial was in substance, as follows:

That he was a lawyer, living at Stratford, Garvin county, Okla., but maintained an office in Pauls Valley, driving back and forth; that on the morning of July 11, 1931, between 9:00 and 10:00 o'clock a. m., he met the defendant Land, in Pauls Valley, and purchased from him the car for the sum of $235, giving him credit on an open account due the intervener for the same amount as the purchase price, and taking an assignment of the certificate of title from the defendant; that they drove the car around town for a short time, then he instructed Land to take the car back and place it in his garage in Stratford, since he, Goodwin, was in his own car in Pauls Valley; that he told Land that he could use the car on a trip to Davis the following Monday; that he bought the car in good faith, did not know that Land owed the plaintiffs a bill, or that the plaintiffs claimed a lien on the car; that when he returned that evening to Stratford, he found that the car was not in his garage, and upon investigation found that the same had been replevined by the plaintiffs.

The defendant Land testified that he had driven the car and parked the same in front of his place, where it was sitting at the time the replevin was levied.

The officers who served the writ testified that they took the car under a writ of replevin about six o'clock in the afternoon, and that the car was sitting in front of Mr. Land's house at the time they took possession of the same.

All of the above testimony was undisputed.

Section 10008, O. S. 1931, provides as follows:

"Every transfer of personal property other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void, against these who are his creditors while he remains in possession and the successors in interest of such creditors, and against any person on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or incumbrancers in good faith subsequent to the transfer."

In the case of Williamson-Halsell-Frasier Co. v. King, 58 Okla. 120, 158 P. 1142, this court, in passing upon said section 10008, O. S. 1931, supra, in the body of the opinion said:

"This section of the statute has been construed by this court and by the Supreme Court of Oklahoma Territory in a number of cases, and it has been uniformly held that it contemplates an actual and continued change of possession which must be open and notorious, and such in its character as to apprise those who are accustomed to deal with the party that the property has changed hands; and it is further

held that the statute admits of no explanation excusing the delivery and change of possession, and that by the passage thereof it was the intention of the Legislature to exclude all inquiry as to the consideration for the sale or the motives prompting the same, and, where there was no such change of possession, the transfer is fraudulent and the courts have no right to avoid its force and effect. Swartzburg v. Dickerson, 12 Okla. 566, 73 P. 282; Walters v. Ratliff, 10 Okla. 262, 61 P. 1070; Love v. Hill, 21 Okla. 347, 96 P. 623; Ellet-Kendall Shoe Co. v. Ross, 28 Okla. 697, 115 P. 892; McCord-Collins Mercantile Co. v. Dodson, 32 Okla. 561, 121 P. 1085."

And in the case of Ward v. Feldman, 122 Okla. 176, 253 P. 51, the court laid down the following rule:

"A transfer of personal property to be valid under section 6021, C. O. S. 1921, must be accompanied by an actual and continued change of possession, which must be open, notorious, and unequivocal, and such as to apprise those who deal with the party that the goods have changed hands and the title thereto has passed from the vendor to the vendee."

The same rule was followed in Graham et al. v. Schooler, 80 Okla. 124, 194 P. 1080, and Cockrum v. Johnston, 74 Okla. 325, 194 P. 210, and in the case of Williamson-Halsell Frasier Co. v. King, 58 Okla. 120, 158 P. 1142, supra, the court said:

"Notice or knowledge of a transfer of personal property capable of manual delivery, unaccompanied by a change of possession, will not prevent an existing bona fide creditor from seizing said property upon attachment or execution."

In the case of Sankey, Sheriff, v. Suggs, 111 Okla. 293, 239 P. 149, the second and third syllabus paragraphs are as follows:

"An actual and continued change of possession, as contemplated by the statute, must be open, notorious, and unequivocal, and such a change as to apprise the community, or those who are accustomed to deal with the party, that the goods have changed hands and the title has passed from the vendor to the vendee.

"There must be no apparent possession in the seller. The possession cannot be shared by the vendor and vendee, and the change of possession to the vendee must not only be actual, but apparent from the facts and circumstances upon which he relies to establish his possession."

In the case of Ward v. Feldman, supra, the following rule was laid down:

"In an action at law, where a jury is waived and the cause is tried to the court the findings of the court will be accorded the same weight and consideration as the verdict of the jury, and where there, is evidence reasonably tending to support the findings of the trial court, its judgment will not be disturbed on appeal."

This is an old and well established rule of law in this jurisdiction, and we think it applies to the case at bar. The trial court, after hearing the testimony and weighing the evidence, found as a matter of fact that the transfer was not accompanied by an actual and continuous change of possession.

It is our opinion that there was ample testimony to support the finding of the trial court, and that its judgment should not be disturbed on appeal. The judgment of the lower court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Fred A. Speakman, T. L. Blakemore, and John R. Miller in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Speakman and approved by Mr. Blakemore and Mr. Miller, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.