## BLACKFORD v. CASEY.

No. 27281.    Dec. 1, 1936.

Theodore F. Dukes, for plaintiff in error.

Leander Hall and Hamilton & Howard, for defendant in error.

CORN, J.   This cause of action arose in the district court of Osage county, on 63 promissory notes and the foreclosure of a chattel mortgage given to secure the payment of said notes. The plaintiff alleged that the defendant was delinquent and in default in payment of 29 of said notes; that each of said notes contained an accelerating clause providing that if any note be not paid when due, all the remainder of the series of notes should immediately become due and payable at the option of the legal holder thereof without notice or demand, said notice and demand being expressly waived. The plaintiff elected to declare all of the remainder of said notes due and pay-

able. The parties waived trial by jury. Among other things, the trial court found:

"* * * There is not any question but what Mr. Blackford, at the time of the commencement of this suit, was delinquent in those payments. His evidence shows that, and the contract provided that if he was delinquent on one note that they all became due at the election of the holder of the note. * * *"

The court rendered judgment accordingly.

The notes on which the suit was instituted were notes numbers 8 to 70, inclusive, of a series of 70 notes, each for $50, payable monthly, with interest at 8 per cent. The notes and the chattel mortgage securing same were executed on May 10, 1932, together with $500 option payment. These notes constituted an agreement to purchase a printing plant and equipment owned by the plaintiff, the agreed sale and purchase price being the sum of $4,000.

Prior to November 22, 1932, there had been some controversy between the plaintiff and the defendant with reference to payments. The plaintiff owed certain indebtedness.

On November 22, 1932, as an adjustment to the credits to which the defendant was entitled, and to arrange for the orderly payment of the indebtedness of the plaintiff, the parties entered into a contract. The defendant had become indebted to the plaintiff in the sum of $95.97 in addition to the $4,000 purchase price for the printing plant and equipment. By this agreement the plaintiff approved and gave credit to the defendant for the payments which he had made to other people who claimed to have amounts due from her in the sum of $914.35.

The parties agreed that, including the $500 option payment and the first six notes of $50 each and interest thereon, and certain other items which the defendant owed to the plaintiff in addition to the purchase price, the defendant until that date owed to the plaintiff the sum of $902.97.

They further agreed that the difference between the amount for which he had been given credit and the amount which he owed to the plaintiff, in the sum of $11.38, should be credited on the note due December 10, 1932; on that date the defendant paid to the plaintiff $20 in cash to be applied on the note due December 10, 1932, in addition to the $11.38 credit above mentioned; that left the defendant owing to the plaintiff the 63 notes on which the present suit was instituted, and also a balance of $18.62 plus interest on the note due on December 10, 1932.

It was further provided in the contract that, beginning on the 22nd day of December, 1932, the defendant would pay directly to the plaintiff $20 per month and would apply the remainder on each note and the interest thereon in the payment of certain tabulated indebtedness of the plaintiff still remaining outstanding in the aggregate sum of $811.56 until all of that outstanding indebtedness had been paid, after which time the defendant would pay the remaining unpaid notes according to their terms. The agreement contained three paragraphs which we quote herein. They are as follows, to wit:

"It is further agreed that each note shall be indorsed 'This note subject to contract between the payor and payee hereof, dated November 22, 1932.'

"It is further agreed that as soon as the debts amounting to $811.56 hereinafter listed, are paid that indorsements become null and void. * * *

"It is further agreed that none of the indebtedness to Lula Casey or any payments due her shall be delinquent until demand be made upon F. H. Blackford or his attorney, C. P. Embry, to pay the same on or after the date thereof."

The finding of fact by the trial court is as follows:

"* * * There is just one question of fact, that is, this question with reference to demand. Mrs. Casey swears that she made demand, and that is supported by one witness, sometime around the first of the year. Mr. Blackford denies that; Mr. Lauderdale, another witness, testified that in the last year or two he heard such demand made, but he does not know whether it was on this particular date that Mrs. Casey claims or not—he was very uncertain about when the demand was made. Mr. Hall, it occurs to me, could have been a little more diligent in making the demand before filing this suit. Hominy is a small town, and I think it would not be hard to find a man in business there if he was not just clear out of the country, and his testimony along this line was to the effect that he called him a time or two at his office one afternoon and did not get him. He also testified, Mr. Hall does, that he made certain requests of Mr. Blackford over a period of time to require him to make these payments—that is, to pay these bills and keep up these payments. I have had his case before me—well, this is the third time, I think that they have been in here, and it is the first time that it has been submitted upon a method that was understandable. There has been a lot of com-

plications with reference to these bills to be paid, and all those things that could not possibly be worked out, but the undisputed testimony now is that this contract and these notes were delinquent at the time the suit was filed. It occurs to me that Mrs. Casey is more or less demanding a pound of flesh in this matter; the delinquency is not very heavy. Mr. Blackford has been making these payments of $20 a month to her regularly. He has not been making payments upon this indebtedness possibly as regularly as he should have done—and I take it that is because of hard times and poor business conditions, but the plaintiff in this case is entitled, as a matter of law, to prevail—she is entitled to insist upon this indebtedness being declared to be due and to foreclose the mortgage for her interest in it. * * *"

Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal.

We find sufficient evidence to support the judgment of the trial court. The judgment is affirmed.

The defendant herein executed a supersedeas bond superseding said judgment pending this appeal, a certified copy of same being on record in the Clerk of the Supreme Court's office. The plaintiff asks that judgment be rendered on said bond; judgment, therefore, is rendered against the sureties on said bond for the amount of the judgment, including interest and costs.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and GIBSON, JJ., concur. RILEY, BAYLESS, and BUSBY, JJ., absent.