SUNSHINE OIL CO., LTD., v. CHANTRY.

*96 P. 2d 20.*

No. 28841. Nov. 14, 1939.

Spiers & Bodovitz, of Oklahoma City, for plaintiff in error.

Edwards & Robinson, of Oklahoma City, for defendant in error.

CORN, J. Plaintiff in error, defendant below, seeks here to reverse a judgment rendered by the district court of Oklahoma county in favor of defendant in error, plaintiff below, in an action brought to recover upon a promissory note. Hereafter we shall refer to the parties as they appeared in the trial court.

February 3, 1937, the defendant, a

California corporation, executed its promissory note, due six months from date, in the amount of $3,000 to L. F. Rooney. To secure payment of this note defendant further executed an instrument denominated a conveyance, but in reality a mortgage, covering certain royalty interests upon the premises described in the instrument.

Plaintiff alleged that on June 22, 1937, he bought this note for a valuable consideration and accepted assignment of the mortgage, the same providing that the royalty payments from the premises were to be applied upon the note. Further, that the terms and conditions of the note had been broken and a balance of $2,019.76 was due and unpaid. Plaintiff asked judgment for this amount, interest, attorney's fees, and foreclosure of the mortgaged premises to satisfy the indebtedness.

Issues were made, and January 14, 1938, the matter was tried to the court without a jury. At the trial the evidence for plaintiff revealed he had purchased the note and mortgage for $2,266.42; several payments had been made, which had been indorsed upon the back of the note.

Upon cross-examination it was revealed the plaintiff purchased the note and mortgage in his own name, with money furnished by the Davon Oil Company. However, the royalty payments had been made regularly to plaintiff and the evidence showed plaintiff owed the Davon Oil Company the money so advanced. During the trial defendant's attorney raised the question that plaintiff's testimony conclusively showed he was not the real party in interest, and offered a demurrer on this ground, which was overruled, and defendant elected to stand on the demurrer.

Judgment was entered for plaintiff for $1,392.16 (further payments having been made after suit was filed), attorneys fees and costs. It was further ordered that upon failure to satisfy the judgment the mortgaged property should be sold. From the judgment rendered, the defendant has appealed, and seeks to reverse this judgment upon the ground plaintiff was not the real party in interest and no right existed in him to bring this suit.

To sustain its position defendant cites and relies upon Stinchcomb v. Patteson, 66 Okla. 80, 167 P. 619, and Helmerich & Payne v. Keeney, 178 Okla. 32, 61 P. 2d 709. In the Stinchcomb Case, supra, there appears a quotation from the opinion of this court in the earlier case of Jackson v. McGilbray, 46 Okla. 208, 148 P. 703, as follows:

" 'It is provided by statute (Rev. Laws 1910, sec. 4681): "Every action must be prosecuted in the name of the real party in interest. * * *" The real party in interest is the party who is to be benefited or injured by the judgment in the case.' " (Numerous authorities are cited.)

To this same effect see Wade v. Hall, 64 Okla. 173, 166 P. 720; Black v. Donelson, 79 Okla. 299, 193 P. 424; Okmulgee Coal Co. v. Hinton, 95 Okla. 92, 218 P. 319.

In Helmerich & Payne v. Keeney, 178 Okla. 32, 61 P. 2d 709, paragraph 2 of the syllabus states:

"A proper party plaintiff is one who has an interest in the subject-matter of the action, and is interested in the relief demanded, and one who has no interest in the subject-matter of the action, or who is not interested in the relief demanded, is not a proper party plaintiff. The real party in interest is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject-matter, as distinguished from one who has only a nominal, formal, or technical interest in or connection with it."

The question then becomes one of deciding whether, under the evidence, the plaintiff was a party in interest within the scope of the principles announced by the cited cases. The evidence showed plaintiff bought the note and mortgage in his own name, with money advanced him by the Davon Oil Company. The royalty payments were made to him, in his own name, and he deposited these

payments to his own account, or paid them to the company, to be applied upon his own indebtedness. Nothing in the evidence showed this to be anything other than a straight business transaction between the plaintiff and Rooney, the original payee of the note. As disclosed by the evidence, plaintiff took this note and mortgage in his own name and the transaction was entirely his own and not for the benefit of the Davon Oil Company. The defendant urges plaintiff was not the real party in interest, and that the real party in interest was the Davon Oil Company; the necessary inference from defendant's argument being that the fact this company advanced the money to the plaintiff showed the transaction to be only a subterfuge covering the real interest of the Davon Oil Company.

We decline to accept any such construction, when to do so would be directly against the force of the direct evidence offered in plaintiff's behalf. There was absolutely no showing that plaintiff was not the party who would reap the benefits of the litigation if brought to a successful end. In fact, the evidence conclusively showed plaintiff would be the sole party who would benefit from a judgment rendered in his favor.

In the case at bar a jury was waived and the cause tried to the court. In such cases the trial court's findings are to be accorded the same weight as a jury's verdict, and are conclusive on appeal unless entirely contradictory to the evidence. Young v. Smith, 171 Okla. 222, 41 P. 2d 461; Goodwin v. Shi, 171 Okla. 8, 41 P. 2d 816; Lowe v. Hickory, 176 Okla. 426, 55 P. 2d 769; Blackford v. Casey, 178 Okla. 268; 62 P. 2d 1023.

We therefore conclude the trial court did not err, either in refusing defendant's motion to dismiss plaintiff's action on the ground plaintiff was not the real party in interest, or in rendering judgment for the plaintiff.

Judgment affirmed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.